**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

July 3, 2020

John P. Campbell, Esq.
Michael J. Marotte, Esq.
Schenck Price Smith & King, LLP
220 Park Avenue
P.O. Box 901
Florham Park, NJ 07932
*Counsel for Plaintiff Pro Custom Solar, LLC d/b/a/ Momentum Solar*

Maja Mojsilovic Obradovic, Esq.
Darren C. Barreiro, Esq.
Greenbaum, Rowe, Smith & Davis LLP
99 Wood Avenue South
Iselin, NJ 08830
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    **Re:**    **Pro Custom Solar, LLC v. Castillo, et al.**
             **Civil Action No. 19-12469 (SDW) (SCM)**

Counsel:

    Before this Court is Plaintiff Pro Custom Solar LLC d/b/a Momentum Solar's ("Plaintiff") Motion to Dismiss Defendants' Counterclaim (D.E. 33 ("Counterclaim")) pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 35.) For the reasons discussed below, the Court dismisses Defendants' Counterclaim for lack of subject matter jurisdiction.

## DISCUSSION

    A. <u>Standard of Review</u>

    Although Plaintiff failed to raise the issue of subject matter jurisdiction as it relates to Defendants' Counterclaim, courts have an independent duty "to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (stating that a court can raise subject matter jurisdiction concerns *sua sponte*); *see also* Fed. R. Civ. P. 12(h)(3) (providing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A counterclaim is either compulsory or permissive. *See* Fed. R. Civ. P. 13(a)–(b). Compulsory counterclaims "arise[] out of the [same] transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Compulsory counterclaims "may be decided under the court's supplemental jurisdiction" pursuant to 28 U.S.C. § 1367(a), without an independent basis for jurisdiction. *Mt. Laurel Concrete, Inc. v. Orleans Homebuilders, Inc.*, No. 08-1553, 2009 WL 10689741, at *1 (D.N.J. Feb. 23, 2009); *accord Chen v. Century Buffet & Rest.*, No. 09-1687, 2011 WL 2600715, at *1 (D.N.J. June 29, 2011) (citing *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 988 (3d Cir. 1984)). "Courts generally find the same case or controversy and exercise supplemental jurisdiction over state claims if state and federal claims 'derive from a common nucleus of operative fact.'" *Schaeffer v. N.J. Transit Corp.*, No. 14-578, 2014 WL 8251607, at *1 (D.N.J. Aug. 26, 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

By contrast, a permissive counterclaim is "any claim that is not compulsory," or any claim that does not stem from the same transaction or occurrence as the opposing party's claim. *See* Fed. R. Civ. P. 13(b). Permissive counterclaims require an independent basis for federal jurisdiction. *Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975).

B. <u>Defendants' Counterclaims are Permissive</u>

This Court writes only for the parties and assumes their familiarity with procedural and factual history of this matter. Plaintiff is a limited liability company that designs, sells, and installs solar-electric systems for properties located in New Jersey, New York, California, Florida, Connecticut, and Texas. (Counterclaim ¶ 1.) Plaintiff's principal place of business is in Metuchen, New Jersey, and Defendants are Florida residents who were formerly employed by Plaintiff as Outside Sales Representatives, also known as Canvassers. (*Id.* ¶¶ 1, 4–15, 41.) Defendants ceased employment with Plaintiff and began working for a competitor in the solar energy industry, which prompted the instant lawsuit. (*See* D.E. 28 ¶ 146.) Plaintiff filed the Amended Complaint by stipulation of the parties on October 4, 2019, raising seventeen causes of action in connection with Defendants' alleged breach of non-compete employment agreements they entered into with Plaintiff.[1]

On November 11, 2019, Defendants filed an Answer and Counterclaim alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing (Counts I–II), and various claims under the New Jersey Law Against Discrimination ("NJLAD") for sexual harassment, retaliatory harassment, hostile work environment, constructive discharge, and retaliation (Counts III–VII). (Counterclaim ¶¶ 74–120.) Defendants contend that this Court has supplemental jurisdiction over their counterclaims because "they are so related to the claims in the

---

[1] Specifically, Plaintiff raises a claim under the Federal Defend Trade Secrets Act in addition to state and common-law claims, including alleged violations of the New Jersey Trade Secrets Act and New Jersey Computer Related Offenses Act, and Theft of Business Opportunity; Conspiracy to Commit Fraud; Breach of Implied Covenant of Good Faith and Fair Dealing; Misappropriation or Common Law Theft of Trade Secrets; Unjust Enrichment; Conversion; Tortious Interference with Contractual Relations; Tortious Interference with Business; Employee Piracy; Unfair Competition; Breach of Contract; Imposition of a Constructive Trust; Accounting; and Defamation. (*See generally* D.E. 28.)

action within such original jurisdiction that they form part of the same case or controversy." (*Id.* ¶ 16.)  The Court does not agree.

Here, Plaintiff's claims focus on actions Defendants took after they left Plaintiff's employ – actions that benefited their new employer (Plaintiff's competitor) and harmed Plaintiff. (*See generally* D.E. 28 (alleging that Defendants disclosed Plaintiff's trade secrets and violated their non-compete agreements); *see also supra* n.1).   In contrast, Defendants' counterclaims center on allegations of (i) outstanding compensation allegedly owed to Defendants, and (ii) sexual harassment and violent behavior experienced by Defendants during their employment.[2]  Thus, Defendants' counterclaims arise from alleged conduct that is distinct from their alleged misappropriation of Plaintiff's trade secrets and breach of contract, or any conduct involving their subsequent employment with a competitor.  Accordingly, Defendants' counterclaims are permissive because they do not "derive from a common nucleus of operative fact" surrounding Plaintiff's claims. *See United Mine Workers*, 383 U.S. at 725.

Because Defendant's counterclaims are permissive, there must be an independent basis for this Court's jurisdiction.  Defendants do not assert any federal claims to invoke jurisdiction under 28 U.S.C. § 1331.  Thus, the only avenue for federal jurisdiction is diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332; *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Although it appears that all parties are diverse because Defendants are citizens of Florida and Plaintiff is a citizen of New Jersey, the Defendants fail to state an amount in controversy in excess of $75,000. (*See generally* Counterclaim.)  Therefore, because Defendants "fail[] to state a basis for the Court's independent subject matter jurisdiction over [their] proposed permissive counterclaim," *see Mt. Laurel Concrete*, 2009 WL 10689741, at *3, their Counterclaim must be dismissed.

## **CONCLUSION**

For the reasons stated above, Defendants' Counterclaim is **DISMISSED without prejudice**.  An appropriate order follows.

          /s/ Susan D. Wigenton    
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
        Steven C. Mannion, U.S.M.J.

---

[2] The employee allegedly responsible for the conduct at the center of Defendants' Counterclaim is not a party to this action. (*See generally* D.E. 28 & Counterclaim.)